NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210258-U

FILED
February 21, 2023
Carla Bender
4th District Appellate
Court, IL

NOS. 4-21-0258, 4-21-0259, 4-21-0265, 4-21-0266 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JAMES ADAM TILLMAN, | ) | Nos. 18CF1084 |
| Defendant-Appellant. | ) | 19CF455 |
| | ) | 19CF1010 |
| | ) | 20CF632 |
| | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice DeArmond and Justice Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court committed plain error by imposing Class X sentencing on defendant's possession of a stolen motor vehicle conviction because he was 17 at the time he committed his first Class 2 or greater felony.

¶ 2     In December 2019, defendant, Adam James Tillman, pleaded guilty to possession of a stolen motor vehicle (PSMV), a Class 2 felony, and was sentenced to drug court probation. In December 2020, after his probation was revoked, the trial court resentenced defendant to six years in prison, applying mandatory Class X sentencing due to defendant's prior convictions for burglary in 1995 and residential burglary in 2000. Defendant appealed, and this court affirmed defendant's sentence. *People v. Tillman*, Nos. 4-21-0258, 4-21-0259, 4-21-0265, 4-21-0266 cons. (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 3        Defendant filed a petition for leave to appeal, which was denied. However, the Illinois Supreme Court issued a supervisory order (*People v. Tillman*, No. 128615 (Ill. Nov. 30, 2022)), directing this court to vacate our prior judgment and reconsider our decision in light of *People v. Stewart*, 2022 IL 126116, on the issue of whether defendant was eligible for Class X sentencing.

¶ 4        Having reconsidered defendant's arguments that (1) trial counsel "was ineffective for failing to point out that one of [defendant's] predicate offenses [(the 1995 burglary)] occurred when he was 17 years old" and (2) the six-year sentence pursuant to Class X sentencing was second prong plain error in light of *Stewart*, we vacate defendant's six-year sentence and remand the cause for a new sentencing hearing.

¶ 5                              I. BACKGROUND

¶ 6        In December 2019, defendant pleaded guilty in three separate cases to escape, a Class 3 felony (720 ILCS 5/31-6(a) (West 2018)), theft, a Class 4 felony (*id.* § 16-1(a)(1)(A)), and PSMV, a Class 2 felony (625 ILCS 5/4-103(a)(1) (West 2018)). In exchange for his guilty pleas, defendant received a sentence in each case of drug court probation and 180 days in jail. At the time of defendant's guilty plea, the trial court admonished him that, if his probation was revoked, he was subject to mandatory Class X sentencing under section 5-4.5-95 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-4.5-95 (West 2018)) on the PSMV conviction due to his prior convictions (1) in 2000 for residential burglary (720 ILCS 5/19-3 (West 2000)) and (2) in 1995 for burglary (720 ILCS 5/19-1 (West 1994)). The 1995 burglary was committed when defendant was 17 years old.

¶ 7        In July 2020, the State charged defendant in a new case with driving while his license was revoked or suspended (625 ILCS 5/6-303(d) (West 2020)). Based on that same

conduct, the State also filed a petition to revoke defendant's drug court probation in all three of the aforementioned cases. In November 2020, a jury found defendant guilty of driving while his license was suspended, and that same day, the trial court found the petition to revoke proven.

¶ 8        In December 2020, the trial court sentenced defendant to two years in prison for driving while his license was suspended and resentenced defendant to consecutive terms of one year in prison for the theft conviction, two years for the escape conviction, and six years (the mandatory minimum sentence for a Class X felony) for the PSMV conviction. In so ordering, the court stated, "So essentially [defendant], I'm giving you the minimum sentence that I'm allowed to give you today after taking everything into account."

¶ 9        Defendant appealed, arguing that (1) trial counsel "was ineffective for failing to point out that one of [defendant's] predicate offenses [(the 1995 burglary)] occurred when he was 17 years old," which, defendant argued, precluded him from being resentenced as a mandatory Class X offender for the PSMV offense, or alternatively (2) the sentence was second prong plain error. This court affirmed defendant's sentence. *People v. Tillman*, Nos. 4-21-0258, 4-21-0259, 4-21-0265, 4-21-0266 cons. (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Subsequently, defendant filed a petition for leave to appeal with the Illinois Supreme Court.

¶ 10        On November 30, 2022, the supreme court denied defendant's petition for leave to appeal but issued a supervisory order (*People v. Tillman*, No. 128615 (Ill. Nov. 30, 2022)), directing this court to vacate our prior judgment and reconsider our decision in light of *Stewart* on the issue of whether defendant was eligible for Class X sentencing.

¶ 11                                II. ANALYSIS

¶ 12        Having reconsidered defendant's arguments that (1) trial counsel "was ineffective

for failing to point out that one of [defendant's] predicate offenses [(the 1995 burglary)] occurred when he was 17 years old" and (2) the six-year sentence pursuant to Class X sentencing was second prong plain error in light of *Stewart*, we vacate defendant's PSMV sentence and remand the cause for a new sentencing hearing.

¶ 13                                    A. Plain Error

¶ 14          The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 15          The usual first step in a plain-error analysis is to determine whether any error occurred at all. *Id.* If error did occur, then we determine whether either of the plain-error prongs are satisfied. *Id.* at 189-90.

¶ 16                          B. Class X Sentencing and *Stewart*

¶ 17                              1. *Class X Sentencing*

¶ 18          At the time of defendant's sentencing and resentencing, section 5-4.5-95(b) of the Corrections Code (730 ILCS 5/5-4.5-95(b) (West 2020)) provided, in pertinent part, as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, except for an offense listed in subsection (c) of this Section, after having twice been convicted in any state or federal court of an offense that contains the

same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony, except for an offense listed in subsection (c) of this Section, and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender."

That provision did not apply unless the following criteria were also met:

"(1) the first felony was committed after February 1, 1978 (the effective date of Public Act 80-1099);

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second." *Id.*

¶ 19                                    2. Stewart

¶ 20            Recently, in *Stewart*, 2022 IL 126116, ¶ 14, the supreme court interpreted a previous version of section 5-4.5-95(b) (730 ILCS 5/5-4.5-95(b) (West 2016)) that contained the same relevant language as the version at issue in this case. The supreme court specifically addressed "whether the legislature intended a prior felony conviction to be a qualifying offense for Class X sentencing if the same offense would have resulted in a juvenile adjudication had it been committed on the date of the present offense." *Stewart*, 2022 IL 126116, ¶ 16. Based on a later amendment to section 5-4.5-95(b) (Pub. Act 101-652 (eff. July 1, 2021) (adding a fourth requirement that the first qualifying offense was committed when the person was 21 years of age or older), the supreme court answered that question in the negative. *Stewart*, 2022 IL 126116, ¶ 22.

¶ 21            On the facts of that case, the supreme court held the defendant's 2013 conviction for an offense committed when he was 17 years old was not a qualifying offense for Class X

sentencing under the applicable version of section 5-4.5-95(b). *Stewart*, 2022 IL 126116, ¶ 22.

¶ 22                                      C. This Case

¶ 23          Here, in light of the holding in *Stewart*, we conclude that defendant's sentence was reversible second prong plain error. Defendant was sentenced to six years as a Class X offender for his PSMV conviction pursuant to section 5-4.5-95 of the Corrections Code (730 ILCS 5.5-4.5-95 (West 2020)) because defendant had two prior Class 1 or Class 2 convictions— namely, a 2000 Class 1 residential burglary and a 1995 Class 2 burglary. We note that defendant also has a conviction for a Class 2 burglary in 1996. However, because the 1995 and 1996 offenses were committed when defendant was 17 years old, neither of those offenses was a qualifying offense for Class X sentencing under the applicable version of section 5-4.5-95(b). *Stewart*, 2022 IL 126116, ¶ 22. Accordingly, defendant had only one qualifying Class 1 or 2 felony offense and was ineligible for mandatory Class X sentencing. See 730 ILCS 5.5-4.5-95 (West 2020).

¶ 24          Because (1) sentencing defendant pursuant to section 5-4.5-95(b) was error and (2) "[t]he imposition of an unauthorized sentence affects substantial rights" (internal quotation marks omitted), (*Stewart*, 2022 IL 126116, ¶ 12), defendant's sentence amounts to plain error under the second prong of the plain-error analysis; therefore, we vacate defendant's six-year sentence for PSMV and remand the cause for a new sentencing hearing regarding defendant's PSMV conviction.

¶ 25                                      III. CONCLUSION

¶ 26          For the reasons stated, we vacate defendant's six-year sentence for PSMV and remand the cause to the McLean County trial court for a new sentencing hearing on that offense.

¶ 27          Reversed and remanded with directions.